# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAPHASE, LLC, | |
| Plaintiff, | NO. 3:10-CV-00017 |
| v. | (JUDGE CAPUTO) |
| SELECTIVE INSURANCE COMPANY OF AMERICA, CHUBB NATIONAL INSURANCE COMPANY, a/k/a CHUBB GROUP OF INSURANCE COMPANIES, AND THE FEDERAL INSURANCE COMPANY | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Megaphase, LLC ("Megaphase"). (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a

disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Here, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Plaintiff fails to properly allege the citizenship of Defendants Chubb National Insurance Company ("Chubb") and Federal Insurance Company ("Federal Insurance"). Plaintiff only alleges that these Defendants have "offices" in New Jersey and Indiana, respectively, but does not allege where these corporations have their principal place of business. Without knowing the principal place of business of these parties, citizenship cannot be determined, and therefore diversity jurisdiction is not properly alleged. Because the citizenship is insufficiently alleged for certain Defendants, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this 11th day of January, 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge